J-A17030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
  :
v.   :
  :
  :
  :
JOHN SOUSA PALAIO   :
  :
Appellant   :   No. 2458 EDA 2023

Appeal from the Judgment of Sentence Entered June 30, 2023
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0004788-2022

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
  :
v.   :
  :
  :
  :
JOHN SOUSA PALAIO   :
  :
Appellant   :   No. 2459 EDA 2023

Appeal from the Judgment of Sentence Entered June 30, 2023
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0004792-2022

BEFORE: BOWES, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.:        **FILED JANUARY 29, 2025**

Appellant John Sousa Palaio appeals from the judgments of sentence imposed following his convictions for possession with intent to deliver controlled substances (PWID), and related offenses. Appellant argues that the trial court erred in denying his motion to suppress the seizure of certain physical evidence, in addition to Appellant's statements that violated his

*Miranda*[1] rights, as well as the fruits of the illegal warrantless search of Appellant's garage, and that the trial court erred in finding that the search warrants issued for his cell phone and premises were supported by probable cause. We affirm.

We adopt the trial court's summary of the facts. *See* Trial Ct. Op., 11/17/23, at 1-7. Briefly, Appellant was arrested during a traffic stop on January 21, 2022, after Detective Jacob Gallagher of Middletown Township Police Department observed a glass bong in Appellant's vehicle.[2] *See* N.T. Suppression Hr'g, 3/2/23, at 19-30. At the time of Appellant's arrest, police recovered three baggies of methamphetamine, the glass bong, and a cell phone. *See id.* at 30-31, 33-36. Appellant was then transported to the Middletown Township Police headquarters where Appellant waived his *Miranda* rights, and Appellant admitted to using his cell phone to contact someone to buy drugs. *See id.* at 30-36, 39-40; Exhibit CS-3 (audio recording).

Detective Gallagher obtained a search warrant for Appellant's cell phone, which police executed "a few months" after seizing the phone. *See id.* at 45-46. The search of Appellant's cell phone produced text conversations "consistent with that of somebody buying drugs, as well as selling drugs[;]"

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[2] We note that Detective Gallagher stated that a bong was a device which could be used for smoking various types of drugs. *See* Aff. Prob. Cause, 6/18/22, at 3; N.T. Suppression Hr'g, 3/2/23, at 27.

photographs of "what appeared to be methamphetamine, methamphetamine on scales, as well as pictures of firearms[;]" and "screenshots or screen captures" of what appeared to be "surveillance or security cameras at [Appellant's] residence[]" from several different angles. *See id.* at 45-50. Appellant was not permitted to possess firearms due to a prior criminal conviction. *See id.* at 44.

On or about June 18, 2022, Detective Gallagher learned that another officer in his department was conducting "an ongoing child pornography investigation" targeted at Appellant's son, and that this colleague intended to obtain and execute "a search warrant for child pornography and electronic devices which could contain child pornography" at Appellant's residence. *See id.* at 50. In light of this information, Detective Gallagher obtained an anticipatory search warrant to search Appellant's residence for "drugs and drug paraphernalia and guns." *See id.* Detective Gallagher and his colleagues executed both search warrants on June 20, 2022. *See id.* at 51-52.

Appellant filed a motion to suppress evidence recovered on January 21 and June 20, 2022. Following a hearing, the trial court denied Appellant's suppression motion on March 21, 2023. *See* Trial Ct. Op., 11/17/23, at 9-10. Following a stipulated bench trial on May 10, 2023, the trial court found Appellant guilty of possession of firearm prohibited, fleeing or attempting to elude a police officer, possession of drug paraphernalia, possessing an instrument of crime, making repairs and/or selling offensive weapons, and

criminal mischief[3] at Docket No. 4788-2022; and two counts each of possession of firearm prohibited, possession of a controlled substance, and possession of drug paraphernalia, as well as one count each of possession of firearm with altered manufacturer's number, criminal use of a communication facility, PWID, making repairs and/or selling offensive weapons, fleeing or attempting to elude a police officer, and possession of a small amount of marijuana[4] at Docket No. 4792-2022. *See id.* at 10. The trial court sentenced Appellant to an aggregate term of eleven to twenty-two years' incarceration. *See id.* at 11. Appellant filed timely post-sentence motions for reconsideration of sentence, which the trial court denied. *See id.*

Appellant filed timely notices of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925. On appeal, Appellant raises the following claims:

1. Did the [trial] court err in holding that Appellant's arrest and subsequent seizure of physical evidence was supported by probable cause?

2. Did the [trial] court err in failing to suppress Appellant's statement as it was made in violation of *Miranda*, and was tainted by the illegal arrest?

---

[3] 18 Pa.C.S. § 6105(a)(1), 75 Pa.C.S. § 3733(a), 35 P.S. § 780-113(a)(32), 18 Pa.C.S. §§ 907(a), 908(a), and 3304(a)(1), respectively.

[4] 18 Pa.C.S. § 6105(a)(1), 35 P.S. §§ 780-113(a)(16), (32), 18 Pa.C.S. §§ 6110.2(a), 7512(a), 35 P.S. § 780-113(a)(30), 18 Pa.C.S. § 908(a), 75 Pa.C.S. § 3733(a), and 35 P.S. § 780-113(a)(31)(ii), respectively.

3. Did the [trial] court err in finding that the search warrant for Appellant's phone was supported by probable cause?

4. Did the [trial] court err in finding that the search warrant for Appellant's premises, executed on June 20, 2022, was justified by the inevitable discovery doctrine?

5. Did the [trial] court err in failing to suppress fruits of the warrantless search of Appellant's garage?

6. Did the [trial] court err in failing to suppress fruits of the search warrant for Appellant's garage?

Appellant's Brief at 4 (formatting altered).[5]

Within his first claim, Appellant contends that the trial court erred in denying his motion to suppress the glass bong seized from his vehicle. *See id.* at 20. The trial court reasoned that this evidence was properly seized pursuant to the plain view doctrine, relying in part on *Commonwealth v. McCree*, 924 A.2d 621, 629-31 (Pa. 2007), which addressed when evidence seized from a car is admissible pursuant to the plain view exception to the warrant requirement. *See* Trial Ct. Op., 11/17/23, at 15-16. The trial court also cited to *McCree* for the proposition that the "limited automobile exception" allowed the seizure of the glass bong. *See id.* at 16.

The following principles govern our review of an order denying a motion to suppress:

---

[5] Appellant also raised an excessive sentencing claim in his Rule 1925(b) statement. *See* Rule 1925(b) Statement, 4792-2022, 10/27/23, at 2-3 (unpaginated). Appellant has not addressed this claim in his appellate brief; therefore, he has abandoned this issue on appeal. *See* Pa.R.A.P. 2116(a), 2119(a); *see also Commonwealth v. McGill*, 832 A.2d 1014, 1018 n.6 (Pa. 2003) (finding waiver where the appellant abandoned claim on appeal).

An appellate court's standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, the appellate court is bound by those findings and may reverse only if the court's legal conclusions are erroneous.

*Commonwealth v. Gray*, 211 A.3d 1253, 1260 (Pa. Super. 2019) (citation omitted).

A recent decision by our Supreme Court, *Commonwealth v. Saunders*, 326 A.3d. 888 (Pa. 2024), closely examined *McCree*'s description and application of the contours of both the plain view exception and the limited automobile exception. The *Saunders* Court explained that "[u]nder the plain view doctrine, the police may effectuate a warrantless seizure of an item if: (1) the police view the item from a lawful vantage point; (2) the incriminating nature of the item is immediately apparent; and (3) the police have a lawful right of access to the item." *Id.* at 897 (citations omitted). The *Saunders* Court noted that while "the three-Justice lead opinion in *McCree* determined that . . . Pennsylvania's [limited] automobile exception was satisfied," a majority of "four Justices in *McCree* agreed that the unexpected development of probable cause establishes a lawful right of access to the interior of a car under the third prong of the plain view doctrine." *See id.* at 900-01 (some formatting altered). Therefore, our Supreme Court concluded that because

- 6 -

this was the "the narrowest grounds of agreement supporting the judgment[,]" that portion of the holding of *McCree* carried precedential authority. *See id.* at 901; *see also id.* at 903 (reiterating that "the narrowest majority position justifying the result in *McCree*, and thus the holding of *McCree* enjoying precedential status . . . is that the unexpected development of probable cause permits lawful access to a car under the final prong of the plain view doctrine" (footnote omitted)).

The *Saunders* Court ultimately affirmed the "continued vitality of *McCree*[,]" specifically its discussion of "access to a car under the plain view exception[,]" and clarified that "under *McCree*, lawful access to seize an item from a car under the third prong of the plain view doctrine requires the unexpected development of probable cause[.]" *See id.* at 903. Accordingly, we find no legal error or abuse of discretion in the trial court's denial of Appellant's motion to suppress with respect to the glass bong. *See id.* at 896-904; *Gray*, 211 A.3d at 1260; *see also McCree,* 924 A.2d at 629-31. Therefore, Appellant is not entitled to relief on this claim.

Following our review of the record, the parties' briefs, and the relevant legal authority, we conclude that the trial court's opinion is thoroughly dispositive of Appellant's remaining claims. *See* Trial Ct. Op. 11/17/23, at 13-26. On this record, the trial court's well-reasoned opinion amply supports its conclusion that Appellant is not entitled to relief. For these reasons, we adopt the trial court's opinion, with the exception of the plain view analysis that we have discussed herein which includes case law decided by our

Supreme Court during the pendency of this appeal. *See id*.[6] Accordingly, we affirm.

Judgments of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/29/2025

---

[6] The parties are directed to attach a copy of the trial court's opinion in the event of further proceedings.